Mr. Justice Clayton
delivered the opinion of the court.
This was a suit upon a note given to obtain money from the Commercial Bank of Natchez, to pay for stock in that bank. The first and several other calls on the stock had been paid pre-' vious to the discount of this note, which had been made to raise funds to pay a farther call. The case is distinguishable from that of Hayne v. Beauchamp, (5 S. & M. 515,) in this, that the first call on the stock had been paid in cash, at the time required by the charter, consequently there was no reason for holding the subscription to be void. It was the failure to pay at. the time of the subscription in accordance with the requisitions of the charter, which induced the majority of the court, in the case referred to, to hold that there was no valid obligation upon the subscriber. Subscription and payment of the first call, according to that decision, completed the contract, and made the party a stockholder. These acts concurred in this instance, and bound Lewis from that time.
The case also falls within the other branch of that decision, for it held the party bound to pay the note which he had given *562 to obtain a discount to be applied to payment of his subscription, although he was not bound for the stock. Much more would this be the case where the subscription itself, and the acts concurrent with it, had created a valid contract for stock.
The dissolution of the bank by judgment of forfeiture, makes no difference in the result. The trustee appointed upon such judgment succeeds to all the rights of the bank. He is to collect all debts due to the bank, and apply them to the payment of debts due from the bank. The amount due for. stock is as much a debt as any other liability. However it might be, if there were no creditors of the bank, it is clear the stockholders are bound to pay up all the arrearages due for stock, if necessary, to form a fund for the payment of the debts of the institution.
The case of Spear v. Grant, (16 Mass. 9,) has no bearing on this question, at least to the prejudice of this conclusion. It holds, “ that where a banking corporation, at the expiration of its charter, had divided its capital stock among the stockholders, leaving corporate notes in circulation, an individual stockholder who had received his share of the stock so divided, was not liable in an action at law to a holder of the notes of the corporation.” The same case, however, states, “ that if the stock is withdrawn before the debts are discharged, there would seem to arise an equitable obligation on the part of the stockholders to account for so much as they originally consented to pledge.”
The case of Wood v. Dummer, 3 Mason, R. 308, grew out of the same transaction of the same bank. The court held the stockholder liable in equity to repay to a creditor the amount of stock so withdrawn. It says: “The capital stock of banks is to be deemed a pledge or trust, fund for the payment of the debts contracted by the bank. The individual stockholders are not liable for the debts of the bank in their private capacity. The charter relieves them from personal responsibility, and substitutes the capital stock in its stead. If the stock be withdrawn by the stockholders, they are, to all intents and purposes, privy to the trust, and receive it cum onere.”
It is the same thing where the stock has not been paid, as where it has been paid and withdrawn. King v. Elliott, 5 S. & M. 428.
*563 The judgment of the court below was in accordance with these views, and the same is affirmed.